IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FELIX OCHEI,<br>   Defendant. | CRIMINAL ACTION NO.<br>1:21-CR-00383-LMM-RDC-1 |

### FINAL REPORT AND RECOMMENDATION

This criminal case is before the Court on Defendant Felix Ochei's Motion to Dismiss Indictment. [Doc. 26]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

I. Background

The charges in this case stem from an alleged conspiracy to defraud. [Doc. 1]. According to the Government, Mr. Ochei and co-conspirator Otutu Tim Otite aided and abetted each other in a scheme to utilize stolen identities to file fraudulent income tax returns and applications for unemployment benefits in violation of 18 U.S.C. §§1343, 1028A(a)(1) and 2. [Doc. 29]. It alleges that these men (along with unknown

co-conspirators) directed the refunds and financial benefits to bank accounts and financial transaction cards they controlled. [Doc. 29 at 1-2]. The Indictment also contains allegations involving the unauthorized use of access devices related to the wire fraud conspiracy in violation of 18 U.S.C. §§1029(a)(3) and 1029(c)(1)(A)(i). [Doc. 1].

Mr. Ochei appeared before Magistrate Judge Justin S. Anand for arraignment and entered not guilty pleas to these charges on October 19, 2021. (R. 11). Mr. Otite has not yet been arraigned because he is a fugitive.

## II.   The parties' contentions

On February 23, 2022, Mr. Ochei filed a motion to dismiss the Indictment contending that the Government "produced no evidence of any alleged criminal act of the Defendant" during a debriefing, that he successfully passed a polygraph examination regarding his alleged role in the conspiracy, and that he was not a participant in any of the crimes outlined in the Indictment. [Doc. 26 at 1-2]. This lack of incriminating evidence, he submits, warrants dismissal of the Indictment.

The Government filed a response opposing this motion. [Doc. 29]. It argues that the motion is meritless because Mr. Ochei's denial of involvement in the alleged crimes and his claim that he passed a polygraph examination are not valid bases for

2

dismissal of an Indictment. [*Id*. at 3]. In reliance on Rule 12(b) of the Federal Rules of Criminal Procedure, the Government argues that this Court does not have the authority to dismiss this Indictment unless "an infirmity of law in the prosecution" has been established. [Doc. 29 at 3]. Because Mr. Ochei has failed to identify any defects in the Indictment, it avers that dismissal is unwarranted.

Mr. Ochei filed a reply in response to the Government's pleading, emphasizing Mr. Otite's likely involvement in the conspiracy. [Doc. 30 at 4-5]. He also re-asserted his contentions that the Government's evidence does not implicate him and that his connection to the residence where incriminating evidence was seized does not establish his involvement in the alleged scheme. [*Id.*]. Although he may have "exercised poor judgement having [co-conspirator Otite] as a roommate," he submits that "guilt by association is not a federal crime." [*Id*. at 5]. This purported exculpatory evidence, he submits, mandates dismissal of the Indictment.

Following review of these pleadings by the undersigned, Mr. Ochei's motion is now ripe for adjudication.

### III.   Legal Authority and Analysis

Rule 12(b) of the Federal Rules of Criminal Procedure states that a party may

3

submit a pretrial motion based on "any defense, objection, or request that the court can determine without a trial on the merits." Fed.R.Crim.Proc.12(b)(1). Pretrial motions are limited to those that allege:

> (A) a defect in instituting the prosecution, including:
>   (i)    improper venue;
>   (ii)   preindictment delay;
>   (iii)  a violation of the constitutional right to a speedy trial;
>   (iv)   selective or vindictive prosecution; and
>   (v)    an error in the grand-jury proceeding or preliminary hearing;
>
> (B) a defect in the indictment or information, including:
>   (i)    joining two or more offenses in the same count (duplicity);
>   (ii)   charging the same offenses in more than one count (multiplicity);
>   (iii)  lack of specificity;
>   (iv)   improper joinder; and
>   (v)    failure to state an offense.
>
> (C) suppression of evidence;
>
> (D) severance of charges or defenses under Rule 14; and
>
> (E) discovery under Rule 16.

Fed.R.Crim.Pro.12(b)(3).

A defendant is precluded from challenging an Indictment that is sufficient on its face "on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its

4

face, is enough to call for a trial of the charge on the merits." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) [1]; *Costello v. United States*, 350 U.S. 359, 363 (1956).

In the case at bar, Mr. Ochei has not raised any defenses, objections or requests similar to those described in Rule12(b)(3). Rather, he seeks dismissal of the Indictment because he "repeatedly spoke of his innocence" during a two hour interview conducted by federal agents, he did not provide "any statement or evidence of wrong doing" and he has chosen to remain in this jurisdiction despite the on-going criminal investigation. [Doc. 30 at 2-3]. Mr. Ochei's strenuous denial of the pending allegations, coupled with the results of a polygraph examination that "found [him] to be truthful," [*Id.* at 5] form the foundation of his motion to dismiss.

Mr. Ochei's proclamations of innocence, however, will not support his motion to dismiss. As the Government noted, a defendant's claim of insufficiency of the evidence is not a basis for dismissal of an indictment. *United States v. Torkington*, 812 F.2d 1347 (11th Cir. 1987)(district court's ruling dismissing counts of the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

indictment reversed by appellate court); *United States v. Tallant*, 407 F. Supp. 878, 885(N.D. Ga. 1975)(where district court rejected motion to dismiss based on insufficiency of the evidence, concluding that "to the extent that defendants dispute the factual contentions of the indictment, the remedy is to convince the petit jury members, at trial, of the veracity of their side of the story.").

Likewise, Mr. Ochei's argument that his co-conspirator's involvement in the conspiracy is a valid basis for dismissal of the Indictment as to him also misconstrues the applicability of Rule 12(b). See, *United States v. Hoffa*, 205 F. Supp. 710, 717 (S. D. Fla. 1962) (where court ruled that any contention that the indictment should be dismissed based on a third party's alleged unlawful conduct "is patently without any merit, and certainly would not entitle these defendants to have the indictment dismissed…"). This Court simply does not have the authority to grant the requested relief on this basis.

## IV.  Conclusion

Based on the foregoing reasons, the undersigned **RECOMMENDS** that Mr. Ochei's Motion to Dismiss Indictment [Doc. 26] be **DENIED**.

Having now addressed all referred pretrial matters relating to Mr. Ochei and having not been advised of any impediments to the scheduling of a trial as to him, this case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED** this 2nd day of May, 2022.

*/s/ R. Cannon*
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE